RECEIVED
MAR 22 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Form A

# In The United States District Court
## Southern District of Iowa

Jack Losee

(Enter above the full name of the Plaintiff or Plaintiffs in this action.)

vs.

**COMPLAINT**

IA. Dept. of Corrections,
Beth Skinner,
IA. Prison Industries,
Dan Clark, et al.

(Enter above the full name of the Defendant or Defendants in this action, if known.)

---

(NOTE: if there is more than one plaintiff, a separate sheet should be attached giving the information in parts I and II below foe <u>each</u> plaintiff, by name.)

I. Previous Lawsuits

*I tried to file this in the Northern district on Dec. 11, 2020, but the court has failed to file it.*

A. Have you begun other lawsuits in state or federal court dealing with the same facts Involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

B. If your answer to A is YES, please answer the questions 1 thru 7. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper using the same outline.)

1. Parties to this previous lawsuit

   Plaintiffs ___N/A___

   Defendants ___N/A___

2. Court (if federal court, name the district; if state court, name the county) ___N/A___

3. Docket number ___N/A___

4. Name of judge whom case was assigned  NA

5. Disposition, if known (For example: was the case dismissed? Was it appealed? Is it still pending?  NA

6. Approximate date of filing lawsuit  NA

7. Approximate date of disposition  NA

II. Place of Present Confinement  Anamosa State Penitentiary

   A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

   B. Did you present the fact relating to your complaint in the state prisoner grievance procedure? Yes (X) No ( )

   C. If your answer is YES,
   1. What steps did you take? Filed grievance; filed complaint to the D.O.C. Also filed action in Small Claims Court; and a 910 hearing.
   2. What was the results? Grievance was "partially sustained", but no remedy was ever granted.

   D. If your answer is No, explain why not  NA

   E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? NA   Yes ( ) No ( )

   F. If your answer is YES,
   1. What steps did you take? NA
   2. What was the result? NA

III. Parties

(In item A below, place your name in the first blank and place your present address in the second bank. Do the same for additional plaintiffs, if any.)

   A. Name of Plaintiff  Jack Losee  #0403522
      Address  406 N. High St., Anamosa, IA 52205

B. Additional Plaintiffs ___N/A___

In item C below, place the full name of the defendant in the first blank, his official position in the second blank. Use item D for the name, positions, and places of employment of any additional defendants.

C. Defendant __Beth Skinner__ is employed as __DOC Director__ at __510 E. 12th St., Des Moines, IA 50319__

D. Additional Defendant(s) are/is employed as __IA. Dept. of Corrections__ at __510 E. 12th St. Des Moines, IA 50319__;

2. __IA. Prison Industries / Dan Clark, IA. IPI Director, 510 12th St., Des Moines, IA 50319__;

3. __Access Corrections (unknown defendant(s)), 10880 Lin Page Place, Saint Louis, MO 63132__    (see additional page)

IV. Jurisdiction

This complaint is brought pursuant to 42 U.S.C. § 1983, and jurisdiction is based on 28 U.S.C. § 1343 (a)(3). Plaintiff(s) allege(s) that the defendant(s) acted under color of state law with regard to the facts stated in Part V of this complaint.

V. State of Claim

State here as briefly as possible the FACTS of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events. Attach an extra sheet if necessary, and write the heading PART V CONTINUED at the top of the sheet. Keep to the facts. Do not give any legal arguments or cite any cases.

__See Attached Pages on following page.__

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

__See Attached Pages following "State of Claims"__

Defendants Cont'd.

4. Atul Gupta, founder & president, Advanced Technologies Group (ATG), 1601 48th St., ste 220 West Des Moines, IA 50266
5. Jeremy Larson, ASP Warden, 406 N. High St., Anamosa, IA 52205
6. Clerk(s) of Court (unknown defendant(s), pending discovery), Polk County Courthouse, 500 Mulberry, Des Moines, IA. 50309
7. Lisa Oswald, Business Office/Ass. Warden of Admin. 406 N. High St., Anamosa, IA 52205

STATEMENT OF CLAIM(S)
## PART V

a) In May of 2013 I bought a MP3 music player. Before those players and songs were even sold to the prisoners an Iowa Dept. of Corrections Central Commissary Amp'd Maxx MP3 Player info sheet was sent to us stating that "With Maxx, once you purchase the music, you always own it!" On March 15th, 2019 my player would not connect with the music kiosk. Shortly thereafter my player stopped working altogether. I sent the player to Access Corrections (the place we purchased them from) for repair or replacement. It was returned three days later, on 3/29/19, with a letter stating that because my player was "out of warrenty" they could not repair or replace it.

I have been without my music since March of 2019.

The Iowa DOC was claiming that they were actively seeking new music players and that my music would be made available to me (a claim they have been making for nearly two years now). But now the DOC and IPI (Iowa Prison Industries) will no longer even discuss this issue any more; and on 12/3/20, via kiosk, warden Larson informed me that he still had no idea when my music would be made available to me.

I paid for a total of 1,407 songs, equaling a total of $2,462.25; and paid 6% pay-for-stay on each song, for a total of $147.74. That totals $2,609.99 that I believe I am entitled to be refunded for.

The DOC and IPI did, and does owe a duty to ensure that I would and will Always have access to my songs because of their advertising same before any songs were ever purchased.

Defendants Skinner, Clark and Larson, direcly, or by neglectfully and in a supervisory way have been and continueto be in violation of the Consumer Fraud Act § 714.16; False Advertising, in violation of both state and federal statutory laws; and the Taking Clause of the Fifth Amendment.

b) In Jan. of 2013 the Iowa DOC and IPI entered into a monopolized kickback-based contract with Access Corrections that resulted in inflated sales prices on music players and song purchases, constituting price gouging and fraudulent concealment. The DOC and IPI did not enter into the contract with the inmates' interests in mind, but rather, with the intentions of receiving as much monetary gain

- 1 -

as possible through kickbacks, and this amounted to a higher cost of unnecessary and unreasonable fees to the inmates.

The music players sold at that time were Amp'd MP3 music players at a cost of $129.95 plus 7% sales tax and 6% pay-for-stay, amounting to a total cost of $146.85; and the songs were sold at a cost of $1.75 per song, plus 6% pay-for-stay added on.

The Florida DOC entered into a contract with the very same company, Access Corrections, and the Florida prisoners were sold the same MP3 players with the same functions for $30.00 less than what we were being charged in Iowa; and they were getting their songs for 5¢ less as well.

The Florida DOC received 1.7 million dollars in kickbacks from Access, so one can only conclude (and will discover through the discovery process) that the Iowa DOC received more than that, considering the higher pricing for the same merchandise.

Additionally, at around the same time that the DOC was seeking music players for Iowa prisoners, J-Pay was selling the same style MP3 players, with the same security functions, for prisoners at a cost of $40.00 per player.

In viewing the prices of MP3 and MP4 players on the internet, one can see that the average prices for 8GB players are less than $20.00.

Even understanding that certain security requirements need to be met, a price markup of $110.00 can not be justified, and it seems clear that the DOC intentionally entered into a contract with the intended purpose of extorting as much money as possible from the prisoners.

I believe that I am entitled to be reimbursed for any expenses that the DOC and IPI can not legitimately justify charging us.

DOC Director Beth Skinner, as the current Iowa DOC director is now responsible and has not rectified the above violation; and defendant Dan Clark was the IPI director at the time the contract was entered into, and the players were sold to us through IPI. Therefore, they are both responsible for the overcharging.

c) Some time in mid to late 2013 the DOC requested that Access Corrections edit their music catalog for Iowa prisoners to a PG standard. As a result of that editing every single song containing

the following words in their titles were pulled from the catalog and no longer made available to the inmates: "Dirty"; "Hell"; "Hard"; "Heavy"; and even "Want". The restriction was excessive, extreme and unlawful; and the DOC has no valid, rational reason and no legitimate governmental or institutional interest to justify censuring music to the degree in which it is doing so. There is also no legitimate security concerns that can be claimed. Even the DOC Assistant Deputy Director, Sheryl Dahm, in a letter dated 2/6/14 stated that the examples I gave of some of the songs censured were not actually explicit.

The songs removed from the catalog numbered in the hundreds, if not thousands, and they were deleted solely because of key words in their titles, and not because they contained explicit language. One example is the song "Moby Dick" by Led Zeppelin. The song contains no lyrics at all, and was only removed because it contained the word "Dick" in the title. Yet the book "Moby Dick" is not restricted. There were even top 10 radio hits that were restricted, etc..

While I recognize that the courts will always side with prison officials when it comes to legitimate security concerns, there are no security concerns when it comes to censuring music on such a large scale, and certainly not when it comes to censuring every single song ever written solely because it has the word "want" in its title. And for the DOC to take it upon itself to decide that Iowa is an "edited" and/or a "PG" state is unlawful, excessive and unnecessary enough to constitute a serious First Amendment violation.

Some time in 2018 the music sales was taken over by Advanced Technologies Group (ATG), a corporate umbrella of Access Corrections (AKA Keefe Commissary Network; AKA Access Catalog Co.). ATG's founder and president is Atul Gupta.

Some of the afore-mentioned songs were added back into the catalog earlier in 2020, but the editing on a large scale continues to this date.

Access Corrections, in editing their catalog, was aware of the First Amendment and knew that editing the music catalog to such a degree did, and does violate that Amendment. And, likewise, Atul Gupta and DOC director Beth Skinner know it as well.

In addition, recently, the ASP administration personnel have begun to edit our television programs by blocking numerous shows

-3-

and movies, even though every single station we receive shows nothing but programs and movies that are already edited for television. The stations blocked most often are History channel, AMC, FX, and TNT. We are no longer able to watch "The walking dead" (though we could for years previously), and movies such as "Alien" are blocked, along with many other shows and movies, ALL of which are edited for television, and none of which are rated "R". Nor are there any juveniles at this institution.

Warden Larson and DOC director Beth Skinner are directly responsible for this editing, which violates the First Amendment, and, likewise, has no legitimate governmental or institutional interest or security concerns to justify editing our programs to such a degree.

## PART 2

I was convicted of two counts of first degree murder on April 26, 1983. An Order was issued for me to pay court costs. Court costs have been deducted from me, and continue to be deducted to this date. That Order constituted a judgment lien based on Iowa Code Sections 910.7A; 910.1(4) and 815.9, and as such, can only be enforced for 20 years after said judgment has been entered, according to 614.1(6); and James v. Weisman, 1913, 143 N.W.428, 161 Iowa 488. It is statutory, and expires in accordance with the limitation of 624.23.

Changes made to Iowa Code Chapter 910, made in 1992, do not apply in my case, as those changes were made to assure that victims are able to enforce restitution Orders. I was never ordered to pay "victim" restitution; and those changes to 910 did not change the fact that court cost judgments are judgments that have a statute of limitation, and can only be enforced for 20 years (see Meek v. Meek, 1876, 45 Iowa 294; James v. Weisman; 624.23; 614.1(6).

None of the changes or laws change the fact that the judgment expires in accordance with statute whether I remain incarcerated or not.

The judgment expired in 2003, therefore, any money taken from me

from that time on is in violation of statutory laws, and as such, also violates the Taking Clause of the Fifth Amendment.

The clerk of court and the ASP business office personnel have continued to deduct money from my account in violation of the Taking Clause and the Iowa statutory laws.

The Taking Clause of the Fifth Amendment states that: "Property", which includes "monies", as employed in Taking Clause of Federal Constitution includes every interest anyone may have in any and everything which is subject to ownership, together with right to possess, use, enjoy and dispose of same; ...(2948 money). And as such, the Taking Clause applies here, and is being violated by the Polk County clerk's office and the ASP business office personnel (names to be discovered through the discovery process.

In addition, the Iowa Code, Chapter 910.3 states that "The clerk of court shall prepare a statement of court-appointed attorney fees, ordered pursuant to section 815.9, including the expense of a public defender, court costs-- which shall be provided to the presentence investigator or submitted to the court at the time of sentencing."

That was not done, and as such, violates the Code section, which in turn violates the Due Process clause of the Fourteenth Amendment.

## RELIEF REQUESTED

1) An Order for compensatory damages:
   A refund for all songs purchased that are now, and have been for nearly two years now, denied me, as well as the cost of the music player. And any and all costs incurred due to litigations concerning the issues in this complaint, the sum of which is as follows:
   a) $2,609.99 for the cost of all songs, with the 6% pay-for-stay;
   b) $137.75 for the cost of the music player ($129.95), and the cost of pay-for-stay ($7.80);
   c) $105.00 filing fee and Original Notice fees paid to the Polk County court, Small Claims division, in case No. SCSC 643589;
   d) $450.00 filing fee in this complaint action.
   All totaling $3,302.74

2) Compensatory damages:
   Refunded for any and all overcharged costs pertaining to the sales of music players and songs (those overcharges to be determined through discovery process).

3) An Order for the DOC director, Beth Skinner; ASP warden, Larson; and ATG's founder and president, Atul Gupta, to discontinue the unconstitutional blocking and censuring of music that does not contain explicit language and is in no other way a genuine security threat; and to discontinue blocking movies and programs that are already edited for television and are not rated "R".

4) Compensatory damages:
For the Court to issue an Order for the clerk's office of the Polk County court to return any and all monies sent to them from the prison(s) for court costs in case No. 20774 that was deducted and sent from 2003 to date, as it was taken in violation of statutory laws and the Taking Clause of the Fifth Amendment.

I am asking for nothing more than for the money I spent and believe I am entitled to be reimbursed for because of the defendants' false advertisments and fraudulent acts that violated state and federal statutory laws, as well as Constitutional Amendments, and for the First Amendment violations to be discontinued.

_____
_____
_____
_____

VII. Statement Regarding Assistance in Preparing This Complaint

    A. Did any person other than a named plaintiff in this action assist you in preparing this complaint?
       YES ( )   NO (X)

    B. If your answer is YES, name the person who assisted you. _N/A_____

    C. Signature of person who helped you prepare complaint

_____   _____
(Date)                                      (Signature)

VIII. Signature(s) of Plaintiff(s)

Signed this _13_ day of _March_____, 20_21_.

_____
(Signature)
Jack Losee #0403522

Signatures of additional Plaintiffs, if any:
_____
_____
_____
_____
_____

Jack Losee
#0403522
406 N. High St.
Anamosa, IA
   52205

Clerk of Court
U.S. Courthouse
123 E. Walnut St.
Des Moines, IA 50309-2036

...D & CLEARED BY U.S.M.S.

NOTICE: This correspondence was mailed from an institution of the Iowa Department of Corrections.

CEDAR RAPIDS IA 523
16 MAR 2021 PM 2 L