IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL

| | |
|---|---|
| JACK L. LOSEE JR., | 4:21-cv-00092-RGE-HCA |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DISCOVERY |
| BETH SKINNER, DOC DIRECTOR; ATUL GUPTA, FOUNDER AND PRESIDENT, ADVANCED TECHNOLOGIES GROUP; AND JEREMY LARSON, ASP WARDEN; | |
| Defendants. | |

Before the Court are pro se Plaintiff's, Jack L. Losee Jr. ("Losee") Motion to Strike Discovery ("Motion") filed on September 20, 2021. ECF No. 17. Defendant, Atul Gupta ("Gupta"), filed a response to the Motion on September 30, 2021. ECF No. 21. Losee also filed a Motion Requesting Copies on October 4, 2021. ECF No. 22. Under Local Rule 7(e), the Court may rule on the motion without waiting for a resistance or response. I.A. R. U. S. D. CT. L.R. 7. The court considers the Motions ready for ruling.

I.  FACTUAL AND PROCEDURAL HISTORY

Losee instituted this prisoner rights case alleging claims relating to the terms and conditions of his confinement. Specifically, Losee generally alleges Defendants violated his First Amendment rights by preventing him from listening to certain music while incarcerated. ECF No. 1 at 6-7. On September 9, 2021, Gupta served a subpoena upon the Iowa Department of Corrections — Anamosa State Penitentiary for records, including a request for a copy of Losee's

inmate file, documents relating to any grievance made by or involving Losee since January 1, 2013 to present, and records concerning his counseling interactions since January 1, 2013 to present. ECF No. 21 at 1-2. On September 20, 2021, Losee filed this Motion arguing Gupta's subpoena for records is overly broad, confidential, and irrelevant and requests Gupta modify the subpoena. ECF No. 17 at ¶¶ 2, 4. On September 22, 2021, the Court entered a Text Order directing Gupta to respond to the Motion and Gupta filed a response resisting Losee's Motion. ECF No. 19.

## II. LEGAL STANDARD AND ANALYSIS

### MOTION TO STRIKE DISCOVERY

The Court will first address Losee's Motion to Strike Discovery. Fed. R. Civ. P. 45 ("Rule 45") governs quashing or modifying subpoena, stating in relevant part:

> (3) Quashing or Modifying a Subpoena.
>   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;
>     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.
>   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

The Court finds Losee's Motion must be denied because it does not meet Rule 45 standards. First, Rule 45 requires the moving party to bring the Motion to modify "*in the court for the district where compliance is required*". Here, Gupta served the subpoena on the

Anamosa State Penitentiary whose jurisdiction resides with the United States District Court for the Northern District of Iowa. ECF No. 21-1. Because this Motion was filed in the United States District Court for the Southern District of Iowa, venue is improper. Second, Losee does not cite to any relevant law in support of his Motion to modify the subpoena and instead argues that Gupta's subpoena requesting his grievances and counseling interactions is irrelevant because those records do not pertain to his stated claims. ECF No. 17 at ¶ 3. However, relevancy is neither the standard nor a factor upon which modification of a subpoena can be granted under Rule 45. While relevancy is pertinent in considering whether the information sought by the subpoena is discoverable, it is not when considering whether a subpoena can be modified or quashed. It is clear Losee's request does not fall under any of the factors outlined under Rule 45(d)(3). Without a legal basis based upon Rule 45, Losee's Motion to modify/quash must be denied.

As stated above, relevancy is pertinent when considering what information is discoverable. Fed. R. Civ. P. 26(b)(1) provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Court concurs with the Defendant that the information sought by the subpoena appears relevant and therefore discoverable. Records of Losee's possible grievances and counseling interactions may contain information concerning Losee's core complaint that he was unable to access his music. Additionally, his grievance records are relevant in determining the extent to which Losee exhausted his administrative remedies, a mandatory precondition to filing this suit under 42 U.S.C. § 1997e(a).

Moreover, the Court is unpersuaded by Losee's contention that the subpoena is overly broad. The subpoena is limited in substance and scope; only requesting grievance and

counseling records from January 1, 2013, to present. Because the subpoenaed information is relevant and proportional to the needs of the case, Losee's [17] Motion is denied.

## REQUEST FOR FREE COPIES

Plaintiff Losee requests a copy of the original Complaint. Ecf No. 1, 22. Due to budget constraints, the Clerk of Court does not provide free copies or courtesy copies of pleadings to pro se litigants. To receive a file-stamped copy at the time of filing, the litigant must submit a copy of the filing and a self-addressed envelope with the appropriate amount of postage affixed.

The Clerk of Court charges $.50 per page for copies. If Plaintiff Losee wishes to receive a copy of the Complaint from the Clerk of Court, he must send a check or money order to the Clerk of Court in the amount of $6.50 for the cost of the copy of the Complaint [1], which includes 13 pages. The request for a free copy [22] of the Complaint is denied.

IT IS SO ORDERED.

DATED this 6th day of October, 2021.

_Helen C. Adams_
Helen C. Adams
Chief U.S. Magistrate Judge