IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACK LOSEE,<br><br>    Plaintiff,<br><br>v.<br><br>BETH SKINNER, ATUL GUPTA, and JEREMY LARSON,<br><br>    Defendants. | No. 4:21-cv-00092-RGE-HCA<br><br>ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL |

Plaintiff Jack Losee brought this complaint without the assistance of counsel under 42 U.S.C. § 1983. ECF No. 1. In its Initial Review Order, the Court allowed Losee's First Amendment claims to proceed but dismissed all others. Initial Review Order 14, ECF No. 6. Now before the Court is Losee's "Request for Leave to File an Interlocutory Appeal to the Eighth Circuit Court of Appeals and Request for a Stay of All Proceedings Pending that Appeal." ECF No. 25. Defendants file no resistance to the motion.

I.   LEGAL STANDARD

In general, Courts of Appeal are without jurisdiction to hear an immediate appeal from a district court's order that is not a final decision. *Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010) (discussing order denying summary judgment). However, a district court may certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is

warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). This requirement is based on a policy disfavoring "piece-meal appeals" which often "result in additional burdens on both the court and the litigants." *Id.* Moreover, the application for interlocutory appeal must be made "within ten days after the entry of the order" being appealed. 28 U.S.C. § 1292(b).

## II. DISCUSSION

Losee requests interlocutory appeal because "[t]his Court refusing to allow Plaintiff to take depositions seriously hinders Plaintiff and his ability to litigate this action." ECF No. 25 at 1. Losee also contends that not having counsel puts him at serious disadvantage against the state and a private law firm. *Id.* Finally, he states the Court's decision is wrongly decided. *Id.* at 2. Based on these statements, the Court construes his request as a challenge to the rulings on his motion for deposition, motion for counsel, and Initial Review Order.

Losee's motion asked the Court to arrange and conduct depositions of Defendant Gupta "at a time and place convenient for defendant." Pl.'s Request, ECF No. 16. The Court denied his motion for depositions without prejudice. *See* Text Order, ECF No. 20. The Court also denied his motion for counsel after determining"[t]he factual and legal complexity of his claims are not so difficult that they will require extraordinary research or discovery, and Losee demonstrated his overall competence to represent himself." Initial Review Order 14, ECF No. 6. These types of rulings are committed to the discretion of the district court and an allegation of abuse of discretion in this context does not create a "controlling legal issue" warranting interlocutory appeal. *White*, 43 F.3d at 377.

Losee also challenges the Court's order dismissing his claims alleging loss of purchased music. ECF No. 25 at 2. Losee's motion with respect to this claim was not brought within ten days of the Order. *See* 28 U.S.C. § 1292(b) (stating interlocutory appeal may be granted "if application is made to [district court] within ten days after the entry of the order").

The Initial Review Order was docketed July 21, 2021. ECF No. 6. This motion for interlocutory appeal was filed October 4, 2021—seventy-five days after the Initial Review Order. ECF No. 25. Consequently, the request for interlocutory appeal must be denied.

Even if the motion was timely, however, an interlocutory appeal is not warranted because Losee has failed to demonstrate the Court's order regarding his lost purchased music "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

### III.  SUMMARY AND CONCLUSION

For the reasons given above,

**IT IS ORDERED** that Plaintiff Jack Losee's Request for Leave to File an Interlocutory Appeal, ECF No. 25, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of December, 2021.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE