IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACK LOSEE,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>IOWA DEPARTMENT OF CORRECTIONS, BETH SKINNER, IOWA PRISON INDUSTRIES, ACCESS CORRECTIONS, ATUL GUPTA, JEREMY LARSON, CLERKS AT POLK COUNTY COURTHOUSE, AND LISA OSWALD,<br><br>　　　　　　　　　　Defendants. | No. 4:21-cv-00092-RGE-HCA |

### BRIEF IN SUPPORT OF DEFENDANT ATUL GUPTA'S MOTION FOR SUMMARY JUDGMENT

Defendant ATUL GUPTA hereby submits the following Brief in Support of his Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56(a)(2).

### INTRODUCTION

This is a prisoner rights case. Plaintiff Jack Losee is incarcerated within the Iowa Department of Corrections (hereinafter "IADOC"). He has raised a number of complaints about the terms and conditions of his confinement. Only one of his claims against Defendant Gupta survived the Court's Initial Review Order, in which Plaintiff alleges a First Amendment Violation for the IADOC's policy to censor music offered for sale to IADOC inmates.

1

Plaintiff, however, has failed to exhaust his administrative remedies against Gupta. Gupta subpoenaed Plaintiff's complete inmate file from the IADOC, and the file contained no evidence of a grievance of the issues underlying Plaintiff's claim against Gupta. By failing to file and fully appeal a grievance relating to the allegations against Gupta in this suit, Plaintiff's suit is barred pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Gupta is therefore entitled to summary judgment as a matter of law.

## FACTUAL BACKGROUND

Plaintiff filed suit relating to a litany of issues, the majority of which were dismissed at this Court's Initial Review Order and do not relate to this Defendant. SUMF ¶ 1, 5. As it relates to Gupta, the only claim which survived the Initial Review Order is Plaintiff's claim of a First Amendment Violation for the IADOC policy to censor music offered for sale to IADOC inmates. SUMF ¶ 5.

Gupta is the president of ATG, a contractor that administers the music program at issue in Plaintiff's suit. Gupta issued a subpoena in this case for Plaintiff's IADOC file, specifically including "All documents relating to any and all grievances made by or involving Jack Losee, #4304522, for the time period of January 1, 2013, to present." SUMF ¶ 7. Significant documents were produced by

the IADOC. SUMF ¶ 8. However, no grievances relating to Gupta or the policy at issue were contained within the voluminous records. SUMF ¶ 9.

The IADOC has a formalized grievance procedure, as described in State of Iowa Department of Corrections Policy and Procedure IO-OR-06 ("the grievance policy"). SUMF ¶ 10. Specifically, "[i]t is the policy of the IDOC to provide offenders an internal mechanism to resolve legitimate complaints and improve institutional operations." SUMF ¶ 11. The grievance policy provides that "[o]ffenders, regardless of physical condition, security, or administrative status, shall follow this process to file grievances." SUMF ¶ 12. Assistance is available to offenders who cannot complete the forms themselves. SUMF ¶ 13. The grievance policy further provides that grievances must be filed with the Grievance Officer within 30 days of the alleged incident. SUMF ¶ 14.

Within seven days of receipt of a grievance, the Grievance Officer will number the grievance, determine the process to be used based on the allegations in the complaint, and notify the offender of the Grievance Officer's receipt of the grievance and what processes are to be used. SUMF ¶ 15. The Grievance Officer will then issue a written response to the grievance within 21 days, or notify the inmate that the investigation is ongoing. SUMF ¶ 16. Following the issuance of the Grievance Officer's decision, the inmate then has the opportunity to appeal. SUMF ¶ 17.

## APPLICABLE LAW

The summary judgment standard is well established in Federal Law.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is met, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The non-moving party "may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists." *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AGAINST DEFENDANT GUPTA.

Plaintiff has not submitted a single grievance addressing Gupta or at all referencing the claims against him, and his suit is therefore barred.[1] In order to bring a suit challenging prison conditions, Plaintiff is required to fully exhaust his administrative remedies prior to filing suit and he did not do so. Gupta is entitled to judgment as a matter of law.

### A.  The Prison Litigation Reform Act's Exhaustion Requirement.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner fully exhaust all available administrative remedies prior to bringing suit. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (unconstitutional on other grounds as stated in *Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 816-17 (E.D. Mich. 2006)). "A court cannot excuse an inmate's failure to exhaust administrative remedies." *McArthur v. Wilson*, No. 18-CV-131, 2020 WL 6152982, at *4 (N.D. Iowa Oct. 20, 2020) (citing *Ross v. Blake*, 578 U.S. 632, 638-40 (2016). As the Supreme Court has observed, the PLRA's exhaustion requirement serves a number of important purposes:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's

---

[1] Gupta raised Plaintiff's failure to exhaust his administrative remedies as a defense in his Answer. SUMF ¶ 6.

> grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (internal citations and quotation marks removed).

Exhaustion of all administrative remedies means that a prisoner must use all steps that the correctional facility requires and must follow such steps properly. *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.* The PLRA exhaustion requirement applies to cases requesting any type of relief, including money damages, even if money damages were not available through the prison's administrative process. *Foulk v. Charrier*, 262 F.3d 687, 695-96 (8th Cir. 2001). Dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies prior to filing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003); *McArthur*, 2020 WL 6152982, at *4 (granting motion for summary judgment on Section 1983 claims due to inmate plaintiff's failure to exhaust administrative remedies).

### B.     Plaintiff Failed to Exhaust his Administrative Remedies.

Here, Plaintiff has undisputedly failed to exhaust his administrative remedies. Gupta subpoenaed Plaintiff's entire inmate file, including all documents relating to grievances from 2013 to present. SUMF ¶ 7. The voluminous file

received via subpoena from the IADOC contains no grievances whatsoever. SUMF ¶¶ 7-9. Plaintiff claims in his Complaint that he filed a grievance relating to the issues in his suit, but this suit contains a litany of assorted issues and Plaintiff's Complaint was not specific as to which issue he supposedly grieved. SUMF ¶ 3. No grievance was attached to this suit.

As discussed above, the IADOC has a detailed grievance procedure. SUMF ¶ 10. This grievance procedure includes the ability to file a grievance, obtain a decision from the Grievance Officer, and file an appeal. SUMF ¶¶ 12-17. Plaintiff, however, has failed to avail himself of the IADOC's grievance procedure. SUMF ¶¶ 7-9. Without filing a grievance relating to the allegations against Gupta and fully exhausting his administrative remedies pursuant to the IOADOC's policies, Plaintiff's suit is barred by the PLRA. Gupta is entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies.

## CONCLUSION

Losee has failed to exhaust his administrative remedies as required by the PLRA. He therefore cannot proceed with his claim against Gupta in district court, and Gupta is entitled to summary judgment.

WHEREFORE Defendant, Atul Gupta, prays that the Court enter summary judgment in his favor.

*/s/ Ryan Stefani*
Ryan Stefani      AT0012387
Nyemaster Goode, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899

7

Telephone: (515) 283-8172
Facsimile: (515) 283-3108
Email: rstefani@nyemaster.com

**ATTORNEY FOR DEFENDANT
ATUL GUPTA**

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

William A. Hill
Department of Justice
1305 East Walnut Street
Hoover State Office Building
Des Moines, IA 50309
E-mail: William.Hill@ag.iowa.gov
**ATTORNEYS FOR BETH SKINNER, JEREMY LARSON, KRISTOFER KARBERG AND TRACY DIETSCH**

I hereby further certify that on May 4, 2022 I have mailed by United States Postal Service the foregoing document to the following non-ECF system participants:

Jack L. Losee, Jr.
#0403522
Anamosa State Penitentiary
406 N. High Street
Anamosa, IA 52205
**PRO SE PLAINTIFF**

*/s/ Ryan Stefani*            AT0012387