IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACK L. LOSEE JR.,<br><br>    Plaintiff,<br><br>v.<br><br>BETH SKINNER, ATUL GUPTA, JEREMY LARSON, KRIS KARBERG, and TRACY DIETSCH,<br><br>    Defendants. | No. 4:21-cv-00092-RGE-HCA<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

Plaintiff Jack Losee brought this complaint without the assistance of counsel under 42 U.S.C. § 1983. Compl., ECF No. 1. After initial review, the only claim remaining is whether Defendants are violating Losee's First Amendment rights with respect to the music and television programming at the prison. Initial Review Order 14, ECF No. 6. The Court also allowed Losee to amend his complaint to add Warden Kris Karberg and Treatment Director Tracy Dietsch as defendants to this action. *See* Order Granting in Part & Den. in Part 4, ECF No. 33. Defendants from the Iowa Department of Corrections move to dismiss the complaint. *See* Defs. Skinner & Larson's Mot. Dismiss, ECF No. 15; Defs. Karberg & Dietsch's Mot. Dismiss, ECF No. 36. Losee resists the motions. Pl.'s Resist. Defs.' Mots. Dismiss, ECF No. 39. For the following reasons, the Court grants the motions to dismiss.

I.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a complaint fails to state a claim upon which relief can be granted if the plaintiff fails to plead factual content that, if true, would allow the court 'to draw the reasonable inference that the defendant is liable for

the misconduct alleged.'" *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a motion to dismiss, the court must accept "as true all factual allegations in the light most favorable to the nonmoving party." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

In deciding a Rule 12(b)(6) motion, the Court may not consider matters outside the pleadings unless the documents are necessarily "embraced" by the complaint. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Examples of materials embraced by the complaint include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case," and contracts upon which a claim rests. *Id.* (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). The parties do not introduce any matters outside the pleadings.

## II.   PROCEDURAL BACKGROUND

Losee is an inmate at the Anamosa State Penitentiary. ECF No. 1 at 2. He alleges that in 2013, the Iowa Department of Corrections contracted with a private company to provide music players and song purchases. *Id.* at 5. As part of the contract, the Iowa Department of Corrections directed the company to edit the music catalog which resulted in hundreds of songs removed from the catalog "solely because of key words in their titles, and not because they contained explicit language." *Id.* at 6–7. Losee asserts any music with the words "'Dirty,' 'Hell,' 'Hard,' 'Heavy,' and even 'Want'" in the title is no longer accessible to the inmates. *Id.* at 7. He asserts the song "Moby Dick" by Led Zeppelin was removed from the catalog even though the song contains no lyrics. *Id.* Losee argues no valid, rational reason or legitimate penological interest exists to justify the extent of this censorship. *Id.*

Losee alleges in 2018, Advanced Technologies Group owned by Defendant Atul Gupta, acquired the former company, and is now responsible for music sales to Iowa prisoners. *Id.* Losee

states some of the songs were added back into the catalog "but the editing on a large scale continues to this date." *Id.*

Losee also alleges the prison administration is editing and blocking television programming as well. *Id.* at 7–8.

The Iowa Department of Corrections Defendants move to dismiss the complaint with respect to both music and television programming, arguing the allegations lack a jurisdictional basis and fail to state a claim upon which relief can be granted. *See* Defs. Skinner & Larson's Mem. Supp. Mot. Dismiss 1, ECF No. 15-1; Defs. Karberg & Dietch's Mem. Supp. Mot. Dismiss 1, ECF No. 36-1.

## III. DISCUSSION

### A. Music

The Iowa Department of Corrections Defendants move to dismiss the claim regarding censorship of music, arguing any request for injunctive relief is moot, the censorship is constitutional, and the request for damages is barred by qualified immunity. *See* ECF No. 15-1 at 1–7; ECF No. 36-1 at 1–8. For the following reasons, the Court finds Losee's claims fails to state a claim upon which relief may be granted.

Under § 1983, a plaintiff can sue a defendant either in an individual or official capacity or both. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quotations and citations omitted).

In this jurisdiction, a plaintiff, even one proceeding pro se, must specifically plead whether the defendants are being sued in their official or individual capacities. *Remington v. Hoopes*, 611 F.3d App'x 883, 885 (8th Cir. 2015) (per curiam) ("We require a 'clear statement' or a

'specific pleading' indicating that the plaintiffs are suing the defendants in their individual capacities."). "[W]hen a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, our precedent requires us to presume that the plaintiff brings suit against the defendants in only their official capacities." *Id.*

In his amended complaint, Losee specifically alleged Defendant Gupta was being sued in his "individual capacity and as a state agent." ECF No. 23 at 1. This demonstrates Losee's ability to make a clear statement with respect to the capacity of a named defendant. His complaint and amended complaint, however, are silent as to the capacity in which the Iowa Department of Corrections Defendants are being sued. *See* ECF No. 1 at 3–4 (making no distinction regarding capacity); ECF No. 23 at 1 (stating Karberg and Dietch were "directly responsible" for editing the television programs and movies but no reference as to whether such responsibility was in an individual or official capacity). As such, the Court must presume Losee brings the suit against these Defendants in their official capacities only.

As stated above, official capacity claims are equivalent to claims against the entity for which they work. *Kentucky*, 473 U.S. at 165. Any lawsuit against a state or its agencies is barred by the Eleventh Amendment, regardless of the relief requested. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 5949 (8th Cir. 2007). Thus, any claim for monetary damages must be dismissed.

Even so, "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." *Id.*; *see also Frew v. Hawkins*, 540 U.S. 431, 437 (holding Eleventh Amendment "allows courts to order prospective relief" against state officials acting in violation of federal law but may not award money damages if the State invokes its immunity). Losee, however, does not show he is entitled to prospective injunctive relief.

On its face, the complaint concedes the music player is no longer working, and Losee has been denied the music he previously purchased since March of 2019. ECF No. 1 at 5. Defendants

4

argue any request for prospective injunctive relief is moot, because Losee "has not and cannot purchase the music subject to the alleged unconstitutional restrictions." ECF No. 15-1 at 5; ECF No. 36-1 at 5.

The Court agrees. The Iowa Department of Corrections has informed Losee previously purchased music eventually will be made available to him. ECF No. 1 at 5; *see also* Pl.'s Reply Supp. Mot. Compel Disc. 7, ECF No. 46 (Grievance Response) ("The DOC is working on offering a new tablet to incarcerated individuals and they are working on plans to make available to individuals the music they have previously purchased. Losee will again have access to the music he purchased when the new music device system is in place and the DOC provides a means for him to access his songs."). Even if the music in the catalog is accessible to Losee again in the future, however, Losee does not allege or provide other support to show the same restrictions will apply to future use.

"[A] plaintiff seeking injunctive relief to guard against future unlawful conduct must be under a 'real and immediate threat of injury.'" *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 960 (8th Cir. 2018) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)). Losee is currently without these songs because the technology no longer works, not because of the censorship policy. He is not currently suffering any harm based on alleged censorship, and any future harm to Losee is conjecture or hypothetical. *See Brazil*, 892 F.3d at 960 ("'conjectural or hypothetical' possibility of future harm is insufficient."). Any request for injunctive relief, therefore, must be denied.

For the reasons stated above, Losee cannot recover either monetary damages or prospective injunctive relief on his claims of music censorship against the Iowa Department of Corrections Defendants. The claims against these defendants must be dismissed. *See* 28 U.S.C. § 1915A(b)(1) (requiring court to dismiss claims that fail to state a claim upon which relief may be granted).

5

### B. Television

In his complaint, Losee alleges Skinner and Larson are directly responsible for blocking television shows and movies, including programs already edited for television. ECF No. 1 at 7–8. He claims prison officials often block the History Channel, AMC, FX, and TNT. *Id.* at 8. Losee avers the movies and programs were already edited for television and available to prisoners until two years ago. Pl.'s Aff. Supp. Mot. Compel 11, ECF No. 46.

Although the Court allowed this claim to proceed initially, *see* ECF No. 6 at 10, the Court may dismiss a claim "at any time" if the claim "is frivolous or malicious" or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon further review, the Court finds Losee has failed to plead sufficient facts to show Defendants are violating his First Amendment rights with respect to the television programming.

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, but there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citations omitted).

A prison regulation which impinges on an inmate's constitutional rights may be unconstitutional unless "it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Losee does not include a copy of the policy used to restrict programming, nor does he specifically allege any basis—content or otherwise—used by prison

officials to restrict any programming. Rather, he makes a conclusory statement that "numerous" television programs are being edited. ECF No. 1 at 8. In his affidavit, Losee states "[t]he blockages are unconstitutional due to the sheer amount of what is being blocked, the fact that it is all already edited for television, because we are all adults, and because we were able to watch television, free from blockages for years." ECF No. 46 at 11. This assertion, however, fails to allege viewing access is restricted based on the content of the programs. Other than his conclusory assertion that denial of such programs violates his First Amendment rights, Losee has failed to state a viable claim that Defendants are censoring the information based on the content of the programming. Losee's claim of censorship with respect to television programming must be dismissed.

### IV. SUMMARY AND CONCLUSION

For the reasons given above,

**IT IS ORDERED** that Defendants Beth Skinner and Jeremy Larson's Motions to Dismiss, ECF No. 15, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Kris Karberg and Tracy Dietsch's Motions to Dismiss, ECF No. 36, is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 21st day of September, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE