IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACK LOSEE, | |
| Plaintiff, | **No. 4:21-cv-00092-RGE-HCA** |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUGMENT** |
| ATUL GUPTA, | |
| Defendant. | |

Plaintiff Jack Losee brought this complaint without the assistance of counsel under 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1. After initial review, the only claim remaining was whether Defendants violated Losee's First Amendment rights with respect to the music and television programming at the prison. Initial Review Order 14, ECF No. 6. On September 21, 2022, the Court granted the motions to dismiss filed by the Iowa Department of Corrections defendants. Order Granting Defs.' Mots. Dismiss, ECF No. 54.

Defendant Atul Gupta moves for summary judgment, asserting Losee failed to exhaust his administrative remedies. ECF No. 48. Losee resists the motion for summary judgment. ECF No. 56. Gupta has filed a reply. ECF No. 57. The matter is now fully submitted. For the following reasons, the Court denies the motion for summary judgment.

I.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant a party's motion for summary judgment if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A motion for summary judgment must be properly supported by the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986).

"The non-moving party receives the benefit of all reasonable inferences supported by the evidence, but has 'the obligation to come forward with specific facts showing that there is a genuine issue for trial.'" *Atkison v. City of Mt. View*, 709 F.3d 1201, 1207 (8th Cir. 2013) (quoting *Dahl v. Rice Cnty.*, 621 F.3d 740, 743 (8th Cir. 2010)). To show a fact is genuinely disputed, a party must support the assertion by

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Under the local rules of the Southern District of Iowa, "[e]ach individual statement of material fact must be concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the appendix." LR 56(a). Likewise, any statement of fact not expressly admitted by the nonmoving party "must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record." LR 56(b). Failure to respond accordingly "may constitute an admission of that fact." *Id.*

In resisting Gupta's motion for summary judgment, Losee did not file a statement of disputed facts or otherwise specifically identify any disputed facts. Instead, he filed his resisting argument and attached examples of correspondence with others regarding the alleged censorship of the music catalog. *See* ECF Nos. 56, 56-1–56-3. Gupta argues the failure to comply with local rules, in and of itself, warrants granting summary judgment. ECF No. 57 at 4.

Submissions of a pro se litigant must be construed liberally and given broad interpretation. *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding pro se complaint "must be held to 'less stringent standards than formal pleading drafted by lawyers'"). Even so, "pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam) (declaring pro se parties are not excused from complying with procedural and substantive law)).

Although Losee failed to strictly follow the local rules when resisting Gupta's motion for summary judgment, it does appear he made a good faith attempt to resist the motion. The Court may recharacterize a pro se submission "so as 'to avoid inappropriately stringent application of formal labeling requirements.'" *Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2001) (quoting *Castro v. U.S.*, 540 U.S. 375, 381 (2003)); *see also Pickett v. Chi. Transit Auth.*, No. 16 C 4337, 2018 WL 3456497, at *5 (N.D. Ill. July 18, 2018) ("Pickett's noncontroversial unfamiliarity with the dogma of federal litigation should not abort his ability to argue his position before the Court.").

Given these circumstances, the Court declines to grant summary judgment based on Losee's failure to strictly follow the local rules. Instead, to the extent possible, the Court will construe Losee's statements in his resistance as responsive to Gupta's Statement of Undisputed Material Facts. Further, the Court will consider as undisputed any statements by Gupta specifically supported by the record and to which Losee does not specifically object. Finally, the Court will consider Losee's exhibits as part of his Statement of Disputed Facts.

## II.    SUMMARY OF MATERIAL FACT

Losee is an inmate at the Anamosa State Penitentiary. ECF No. 1 at 2. Atul Gupta is founder and president of Advanced Technologies Group. *Id.* at 4.

In 2013, the Iowa Department of Corrections contracted with a private company, Access

Correction, to provide music players and songs at correctional facilities in Iowa. *Id.* at 5. Losee alleged the Department of Corrections directed the private company to edit the music catalog in a way that hundreds of songs were removed "solely because of key words in their titles, and not because they contained explicit language." *Id.* at 6–7.

In 2018, Advanced Technologies Group acquired Access Correction and is now responsible for music sales to Iowa prisoners. *Id.* at 7. Losee alleged some of the songs were added back into the catalog, "but the editing on a large scale continues to this date." *Id.* On initial review, the Court let proceed Losee's First Amendment claim that censorship of the music catalog is overly broad. ECF No. 6 at 8.

The Iowa Department of Corrections has a grievance policy which provides inmates an opportunity to internally resolve complaints about the conditions of confinement. Def.'s App. Supp. Mot. Summ. J. 209–15, ECF No. 48-3 (State of Iowa Department of Corrections Policy and Procedures, Offender Grievance Procedures, dated Dec. 2013). Under this policy, the inmate first is required to seek informal resolution prior to filing an actual grievance. *Id.* at 212. If unresolved, the inmate must use a formal grievance complaint to file a grievance. *Id.* Within seven days of receiving the formal grievance, the Grievance Officer will number the grievance, determine the process to be used, and provide the inmate with this information. *Id.* at 212–14. Within 21 days, the Grievance Officer will provide a written response or notify the inmate that the investigation is continuing. *Id.* at 214. The inmate may file an appeal to the Warden (or designee) at the institution where the inmate is incarcerated. *Id.* If dissatisfied with the grievance appeal response, the inmate may further appeal to the Regional Deputy Director. *Id.* at 215. The response of the Regional Deputy Director or designee is the final appeal step and completes exhaustion of the administrative process. *Id.*

In conducting discovery in this case, Gupta served a subpoena on the Iowa Department of

Corrections requesting, among other things, "[a]ll documents relating to any and all grievances made by or involving Jack Losee, #4304522, for the time period of January 1, 2013, to present." ECF No. 48-3 at 37. In response to the subpoena, the Department of Corrections produced "significant documents," including Losee's complete legal file. Def.'s Statement of Undisputed Material Facts ¶ 8, ECF No. 48-2. The Department of Corrections submitted other information as well, but Gupta limited the appendix to only part of the file marked 2003 to present. *Id.* No grievances from Losee were contained in the documents returned by the Iowa Department of Corrections in response to the subpoena. *Id.* ¶ 9.

Losee has submitted a grievance response from Anamosa State Penitentiary employee Cindy Wolmutt made on June 15, 2016, stating that she is responding to a grievance filed by Losee regarding his allegation of censorship of music available to inmates. Pl.'s Exs. Supp. Resist. Def.'s Mot. Summ. J. 6, ECF No. 56-3.

## III.   DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Gupta moves for summary judgment asserting Losee failed to exhaust his administrative remedies as required by § 1997e(a). Def.'s Br. Supp. Mot. Summ. J. 5, ECF No. 48-1.

Exhaustion under § 1997e(a) is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Even so, "inmates are not required to specially plead or demonstrate exhaustion in their complaints," but rather, it is an affirmative defense that the defendant must plead and prove. *Id.* at 216. In alleging a plaintiff has failed to exhaust, the defendant first must prove there was an administrative remedy available to the inmate, and second, demonstrate the inmate did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Once the defendant makes this

showing, the burden shifts to the plaintiff to show no administrative remedies were available to exhaust. *Id.*

In support of his position, Gupta submits multiple records returned from the Iowa Department of Corrections in response to his subpoena. ECF No. 48-3 at 40–209. No grievances, grievance responses, or grievance appeals are contained in those records, and no record relates to the issue of censorship raised by Losee.[1] *Id.* Gupta argues this demonstrates Losee never "submitted a single grievance addressing Gupta or at all referencing the claims against him." ECF No. 48-1 at 5.

Losee does not dispute that the Iowa Department of Corrections has a grievance policy or that such policy was available for him to use. However, he contends he has "more than exhausted any administrative remedies that were required," ECF No. 56 at 2, and submits documents to support this statement. Pl.'s Exs. Supp. Resist. Def.'s Mot. Summ. J., ECF No. 56-1 to 56-3.

First, Losee wrote letters to the Better Business Bureau and the Iowa Ombudsman's office to complain about the censorship. ECF No. 56-3 at 1–5. While complaints to independent or neutral entities could be designated as part of a grievance process, the Iowa Department of Corrections has not made this part of its grievance process. *See* Order Granting Mot. Summ. J. 8–9, *Barnett v. Swope*, No. 4:15-cv-00421-JEG-SBJ (S.D. Iowa April 6, 2018), ECF No. 35 (holding complaints to ombudsman's office not part of county grievance process). It is the requirements set forth by each prison "that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Because

---

[1] Defendant's appendix includes many extraneous documents of no relevance to this matter. *See generally* ECF No. 48-3 at 38–208. Although Gupta only included a portion of the subpoena response in his appendix, ECF No. 48-2 ¶ 8, the Court was required to review every page of the appendix. Under the local rules of this Court, "**[o]nly those portions of materials necessary for a determination of the motion are to be included in an appendix.**" LR 56(e) (emphasis original). These rules exist "'to prevent a district court from engaging in the proverbial search for a needle in the haystack.'" *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) (further citation omitted).

complaints to outside entities are not part of the grievance process by the Iowa Department of Corrections, neither of these letters demonstrates exhaustion of administrative remedies.

Second, Losee has included a letter he wrote dated January 2014 and addressed "Dear Sir." ECF No. 56-1. He also submits a letter dated August of 2015 and addressed "To Whom it May Concern" at the Iowa Department of Corrections. ECF No. 56-2. Even if the recipient could be identified, such correspondence is not part of the required administrative process. Stating his intent for the letter to be "a formal complaint about the restrictions placed upon the inmates' music sold by Access Corrections" is no substitute for the formal grievance policy requirements. *Id.* at 1.

Third, Losee puts forward a February 2014 response from Sheryl Dahm, Assistant Deputy Director for the Iowa Department of Corrections. ECF No. 56-3 at 7. Her response addresses the censorship issue, but is not a formal response to any grievance.

Losee's final exhibit is a June 2016 grievance response from Cindy L. Wolmutt on behalf of the Anamosa State Penitentiary. ECF No. 56-3 at 6. It makes specific reference to Grievance No. 29313 from Losee. *Id.* In his original complaint, Losee stated he had filed a complaint with the Department of Corrections, and that the grievance was "partially sustained." ECF No. 1 at 2.

Losee has not attached the original grievance he submitted, nor made any indication that he appealed Wolmutt's grievance response. As such, the response from Wolmutt does not definitively demonstrate that Losee exhausted his administrative remedies. It does, however, call into question whether the responsive documents from the Iowa Department of Corrections constitute a complete and accurate account of Losee's grievance record.

Gupta argues Losee did not exhaust his administrative remedies because the subpoena response contained no grievances. Gupta is entitled to rely on the accuracy of the documents produced in response to the subpoena. *See* Fed. R. Civ. P. 45(g) ("[T]he issuing court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena

or an order related to it."); *see also Acosta v. La Piedad Corp.*, 894 F.3d 947, 950 (8th Cir. 2018) ("The Federal Rules confirm that a district court may hold a party in contempt for failure to obey an order related to an administrative agency subpoena.").

Even so, Gupta bears the burden of proving that Losee did not file any grievances. Gupta does not dispute the authenticity of Wolmutt's response, but he provides no explanation as to why her response or any other grievances filed by Losee were not contained in the subpoena response.[2] Nor has Gupta requested more time to supplement the record with affidavits and documents from official record keepers to definitively show whether Losee fully exhausted all administrative remedies.

On this record the Court cannot conclude Gupta has met his initial burden of showing Losee failed to exhaust his administrative remedies. *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) ("Court lacked a sufficient factual basis on which to find that Foulk did, in fact, fail to exhaust his administrative remedies.").

## IV.   SUMMARY AND CONCLUSION

For the reasons given above,

**IT IS ORDERED** that Defendant Atul Gupta's Motion for Summary Judgment, ECF No. 48, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties have until May 26, 2023, to file any further motions for summary judgment for any basis.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2023.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

---

[2] The Court also takes judicial notice of *Losee v. Skinner*, No. 22-CV-4-CJS-KEM (N.D. Iowa April 7, 2022), wherein Losee alleged, among other things, the defendants retaliated against him for filing grievance and complaints.